**CHAPMAN & DEWEY LUMBER CO.,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

**No. 16440.**

United States Court of Appeals
Sixth Circuit.

April 26, 1966.

496

Thomas F. Johnston, Memphis, Tenn., Hubert A. McBride, Memphis, Tenn., on brief, for appellant.

Marco S. Sonnenschein, Department of Justice, Washington, D. C., Louis F. Oberdorïer, Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Attorney, Department of Justice, Washington, D. C., on brief, Thomas L. Robinson, U. S. Atty., Cleveland, Ohio, of counsel, for appellee.

Before WEICK, Chief Judge, CELEBREZZE, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

In this case the Commissioner of Internal Revenue made deficiency assessments against Chapman & Dewey Lumber Co., plaintiff-appellant herein, on its income tax returns for the tax years ending on March 31, 1957 and March 31, 1958. These assessments resulted in additional tax of $6621.65 for the tax year 1957 and in additional tax of $3693.45 for the tax year of 1958. The taxpayer paid this additional tax together with interest of $829.76 and $241.22, respectively, for the tax years in question. A timely claim for refund of this tax with interest was denied by the Commissioner.

The taxpayer then brought an action in the United States District Court for the Western District of Tennessee, Western Division, against the United States for the recovery of the tax alleged to have been erroneously and illegally collected. The District Judge granted a summary judgment for the United States and the plaintiff-appellant appealed.

The motion for summary judgment was submitted on the pleadings, depositions of Claude C. Rogers and Floy M. Layer, employees of the appellant, and Robert I. White, attorney for the United States. The subject of the additional tax was the disallowance of reforestation expense of $12733.93 for the year 1957 and of $7102.79 for the year 1958. These items were carried on the books of the appellant as "Hatchie Coon Tree Farm" expenses and were made up as follows:

| | March 31, 1957 | March 31, 1958 |
|---|---|---|
| Misc. expense | 1228.05 | 3719.46 |
| Paid Dickey | 4859.55 | |
| Deprec. on equipment | 6646.33 | 3383.33 |
| | 12733.93 | 7102.79 |

The Commissioner determined and the United States contended in this action that the funds expended in reforestation and the depreciation of equipment incurred in connection therewith should be capitalized. In moving for a summary judgment it was claimed that there was no genuine issue as to any material fact. The District Judge so held and granted judgment for the appellee. We agree that the direct and sole cost of reforestation should be capitalized.

The motion for summary judgment was filed about three weeks prior to the trial date of the case. A hearing on the motion was set for approximately four days before the date of the trial. No affidavits or depositions counter to the motion for summary judgment were filed on behalf of the appellant. Prior to the time set for hearing on the motion, counsel for the appellant received a request through an attache of the court, presumably from the court, to waive argument on the motion. This he did. We would think that counsel receiving such a request, might well infer that the court did not attach any importance to the motion or that he expected to deny it.

The posture of the case, as submitted on motion for summary judgment, was such that the District Judge, without explanation, was probably justified in granting the motion for judgment. However, it is not entirely clear that, as a matter of law, all of the items of depreciation were chargeable to the direct and

sole cost of depreciation. Counsel, by oral argument, might have been able to show that there was an issue of fact. We would not now vacate the judgment solely on this vague supposition.

After the motion for judgment was allowed, counsel for the appellant moved for a new trial and supported the motion with four affidavits. These affidavits do present issues of material facts.

We believe under the circumstances of this case, counsel having been induced to waive his argument on the motion for judgment, and in fairness to the taxpayer, there should be a plenary hearing on the issues raised by the affidavits.

Accordingly the judgment is vacated and the case is remanded to the District Court with instructions to conduct a trial solely on the issue of whether any of the items which make up the claim for refund are properly chargeable to deductible expense.